FILED
SUPERIOR COURT
OF GUAM

2021 APR 12 PM 5:31

CLERK OF COURT

BY:

IN THE SUPERIOR COURT OF GUAM

BRIANNA LYNN MENO, As Special
Administratrix of the Estate of Justin Roy
Meno,

                              Plaintiff,

                vs.

GOVERNMENT OF GUAM,

                              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO.: CV0304-20

**DECISION AND ORDER**
**Re: Government's Motion to Dismiss the**
**Amended Complaint Under GRCP**
**12(b)(1) And 12(b)(6) and Motion to**
**Strike Under 12(f) (Renewed)**

## I.    INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on January 11, 2021 for a hearing on Defendant the Government of Guam's Motion to Dismiss Plaintiff's Amended Complaint under GRCP 12(b)(1) and 12(b)(6) and Motion to Strike under GRCP 12(f) (Renewed) ("Motion"). Attorneys Janice Camacho and Jojo Perez represented the Government of Guam and Plaintiff Brianna Lynn Meno ("Plaintiff") was represented by Attorney Gloria Rudolf at the hearing via Zoom platform.

After reviewing the Parties' written briefs, the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court now issues this Decision and Order ruling on the Motion and GRANTING IN PART and DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER GRCP 12(b)(1) AND 12(b)(6) AND MOTION TO STRIKE UNDER GRCP 12(f) (RENEWED).

1

## II. BACKGROUND

### A. Procedural History

On March 28, 2018, Plaintiff, as Special Administratrix of the Estate of Justin Roy Meno, filed a government claim against the Department of Corrections ("DOC" or "Government" or "Defendant") stemming from the events surrounding the assault and death of her brother Justin Roy Meno ("Decedent") while he was incarcerated at DOC. Plaintiff's claim was founded upon the Government Claims Act, Title 5, Guam Code Annotated, Chapter 6 (the "Government Claims Act"). On September 27, 2018, the Government denied Plaintiff's Government Claim, primarily upon sovereign immunity grounds. First Am. Compl. ¶ 19 (July 27, 2020); Ex. A to *Not. Of Gov't.'s Denial of Pl.'s Gov't Claim* (Jan. 13, 2021).

On March 27, 2020, Plaintiff filed a Complaint for Damages and Demand for Jury Trial ("Complaint") in this Court. The Government filed a Motion to Dismiss Under GRCP 12(b)(1) and 12(b)(6) and Motion to Strike Under GRCP 12(f) (June 29, 2020) in response to the Complaint. Plaintiff filed an Amended Complaint on July 27, 2020, and the Government renewed its Motion to Dismiss. The Plaintiff then filed an Opposition to the Government's Motion on October 19, 2020. The Government filed a Reply in support of their Motion responding to the Opposition on November 3, 2020. Subsequently, the Plaintiff filed a Supplemental Opposition on December 9, 2020. The Court took the matter under advisement after hearing oral arguments on January 11, 2021 and now issues this Decision and Order on the Defendant's Motion.

### B. Relevant Allegations

Decedent was an inmate in the Maximum-Security Unit, Post 6, at DOC and was allegedly assaulted on March 29, 2017, by fellow inmates while DOC officers responded to a

2

flooding in the prison. Am. Compl. p. 2–3. After Decedent was discovered, he was transported to Guam Memorial Hospital where he died approximately six months later on September 11, 2017. Am. Compl. p. 2–3. Plaintiff alleges that Defendant's conduct proximately caused the Decedent's death as follows:

1) DOC failed to properly staff and train its officers to properly protect inmates, like Decedent, from attack by other inmates and properly respond to the physical attack by several other inmates against Decedent;

2) DOC officers and/or personnel were active and complicit in the cover-up of the circumstances of the beating which led to injuries contributing to the Decedent's death; and

3) DOC failed to provide appropriate medical care to Decedent in violation of his constitutional rights, Guam law, and DOC's policies and procedures, which contributed to Decedent's death. Am. Compl. p. 4–5.

In her "Claim Against the Government of Guam" filed with the Office of the Attorney General on March 29, 2018, Plaintiff sought the sum of $300,000.00 upon the following statement of facts:

Government failed to adequately monitor inmates/detainees and to protect Justin who was assaulted at DOC Post #6 on or about March 29, 2017. DOC failed to properly staff and train officers to properly protect inmates and/or detainees like Justin from attack by other inmates and/or detainees, and to properly respond to the physical attack by several other detainees and/or prisoners against decedent Justin Roy Meno. DOC officers and/or personnel were active and/or complicit in the cover-up of the circumstances of the beating which led to injuries which contributed to Justin's death. DOC failed to provide appropriate medical care to decedent in violation of his constitutional rights, Guam law, and in violation of DOC's own policies and procedures, which greatly contributed to Justin's death.

*Ex. A to Gov't's Mot. to Dismiss Pl's Complaint Under GRCP 12(b)(1) and (12(b)(6) and Mot. to Strike under GRCP 12(f)* (Aug. 10, 2020). Other than the short statement of the facts upon which Plaintiff based her claim, the Plaintiff's Government Claim does not specifically state the

3

legal basis on which the claim is made, e.g. wrongful death, negligence, etc. On September 27, 2018, the Government denied Plaintiff's Government Claim.

## III. DISCUSSION

### A. The Applicable Law Governing Government Claims.

The Court's analysis begins with a summary of the legal principles governing claims against the government pursuant to the Government Claims Act, Title 5 Guam Code Annotated, Chapter 6. "The government of Guam enjoys broad sovereign immunity." *Kittel v. Guam Mem. Hospital Auth.,* 2020 Guam 3, ¶ 14. Sovereign immunity and standing, both of which are raised by the Government in the instant matter, are subject matter jurisdictional concerns. See *Ehlert v. Univ. of Guam,* 2019 Guam 27 ¶ 11; *Taitano v. Lujan,* 2005 Guam 26 ¶ 15. Sovereign immunity may be waived for certain claims against the government, and "[t]hrough the Government Claims Act, the Guam Legislature has provided a waiver of sovereign immunity 'for certain governmental actions that are contractual in nature or that sound in tort.'" *Guam Police Dep't. v. Superior Court of Guam,* 2011 Guam 8 (May 10, 2011). The Government Claims Act does not, however, waive sovereign immunity for intentional torts. 5 GCA § 6105; *Wood v. Guam Power Authority,* 2000 Guam 18 (June 2, 2000). Because the government of Guam has not waived sovereign immunity to intentional torts, this court has no jurisdiction to hear such claims. *Id.*

The Guam Supreme Court has set forth the pre-requisites for a valid government claim:

> Under the Government Claims Act, the government of Guam waives sovereign immunity from suit for "claims in tort, arising from the negligent act of its employees acting for and at the direction of the government of Guam, even though occurring in an activity to which private persons do not engage." [5 GCA] § 6105. An individual seeking to make a claim under this waiver must file a claim with the Claims Officer for the agency involved. Id. § 6201. A claim "must be

4

filed within 18 months from the date the claim arose." Id. § 6106(a). The filed action must be served on the Claims Officer and the Attorney General. Id. § 6209. *For the Superior Court to have jurisdiction over an action filed against the government, a plaintiff must show they complied with all the requirements of the Claims Act and that the compliance with each requirement was substantial.* [citation omitted.] Substantial compliance exists when there is "sufficient information disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit." Id. ¶ 33 (quoting City of San Jose v. Superior Court, 525 P.2d 701, 707 (Cal. 1974) (in bank)). "Failure to file a claim prior to filing a suit warrants dismissal on a jurisdictional ground." Perez v. Guam Hous. & Urban Renewal Auth. (GHURA), 2000 Guam 33 ¶ 14.

*Kittel v. Guam Mem'l. Hosp. Auth.*, 2020 Guam 3, ¶ 15 (Mar. 9, 2020)(emphasis added). The onus is upon the Plaintiff to establish that she has complied with all of the requirements of the Claims Act and that compliance was substantial in order to invoke this Court's jurisdiction to resolve her claims. Having established the legal foundation upon which the Court relies, the analysis of the Government's Motion now follows.

## B. Government's Request for Dismissal Based on GRCP Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Plaintiff's Lack of Standing

The Government asks this Court to dismiss the First Amended Complaint under Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(1) because this Court lacks subject matter jurisdiction and Plaintiff lacks standing. The Government's 12(b)(1) motion is based upon the following assertions: (1) Plaintiff failed to exhaust her administrative remedies prior to filing suit for wrongful death in the Superior Court of Guam; (2) Plaintiff lacks standing to assert a wrongful death claim because she has brought suit as Special Administratrix of the Estate and not as an "heir or a personal representative" of the decedent; and (3) Plaintiff's claims are based upon intentional acts and, therefore, do not fall under a recognized exception to the Government's sovereign immunity for acts based upon negligence.

5

**1. The Plaintiff has not exhausted her administrative remedies with respect to the Wrongful Death claim.**

The Government argues that, at the agency level, Plaintiff initially filed a personal injury (negligence) claim, rather than one for wrongful death, and now improperly brings her wrongful death claim for the first time in the Superior Court of Guam. To support its argument that the wrongful death claim is unripe, the Government first suggests that the claim for $300,000.00 sought in her Government Claim indicates that it was not based upon wrongful death, for which recovery is capped at $100,000.00. 5 GCA § 6301(b). There is legal support for such a finding.

In *Kittel v. Guam Memorial Hospital Authority, supra,* the claimants sought recovery for damages after "Karen Ann Kittel wrongfully died on September 25, 2012 at GMH as a result of the negligent care and administration of medications, negligent supervision of medical staff, medical care provided below the standard of care." *Kittel* at ¶ 18. The Guam Supreme Court found that, although the language used in the government claim "invokes both a personal injury action and a wrongful death action," the Court determined that, because the damages claimed were $100,000 – "the cap for wrongful death cases against the government" – it was, indeed, a wrongful death claim. Applying the rationale in *Kittel,* because the Plaintiff's Government Claim sought damages in the amount of $300,000.00 and the cap for wrongful death is $100,000.00,[1] her initial claim was for a tort other than wrongful death.

Reviewing the Plaintiff's Government Claims Form as reproduced, *above,* the court finds that the $300,000.00 claim indicates that Plaintiff intended to seek recovery for Decedent's personal injuries under the Government Claims Act, as limited by 5 GCA § 6301(b)("The government of Guam, in the case of line agencies, shall be liable in tort for not

---

[1] 5 GCA § 6301(b).

6

more than $100,000 in an action for wrongful death, nor for more than $300,000 in any other tort action."), and did not advance a wrongful death claim, although it could have done so. The instant action, in marked contrast to the Government Claim, specifically seeks pecuniary losses for grief, loss of society, loss of support, service, care, comfort and other losses, which are wrongful death damages and distinct from a personal injury action, the latter of which does not abate due to the death of the injured person. 19 GCA § 31104; *Newby* at ¶ 25.

The Plaintiff has the burden of establishing that she satisfied the prerequisites of the Government Claims Act prior to invoking the jurisdiction of the Superior Court. Based upon the evidence presented to the court, Plaintiff has not satisfied her burden. As such, Plaintiff did not adjudicate the wrongful death claim in the first instance through the Government Claims Act; therefore, this court does not have subject matter jurisdiction.

**2. The Plaintiff lacks standing because she's neither an heir nor a personal representative.**

Although the court finds it lacks subject matter jurisdiction on the basis of Plaintiff's failure to exhaust all administrative remedies, the court considers the Government's argument that Plaintiff lacks standing to bring a wrongful death action because wrongful death suits may only be brought by heirs or by personal representatives. The Government argues that Plaintiff's status as Special Administratix of the Decedent's Estate does not unequivocally make her an "heir" or a "personal representative," as defined by the wrongful death statute. 7 GCA § 12109(a) provides that wrongful death actions may be brought against the person causing the death by the heirs of the decedent or the personal representatives on behalf of the heirs. The Government argues that the decedent has a child, who was mentioned in the Plaintiff's initial complaint but was subsequently deleted from the First Amended Complaint. The Government

7

argues that this heir, not the Plaintiff, is the proper party to bring a wrongful death action (or to have the action brought on his behalf, which Plaintiff does not appear to have authority to do as the Special Administratrix). Mot. at p.7–8; *Letters of Special Administration* in In the Matter of the Estate of Justin Roy Meno, Probate Case No. PR 0023-18 (Feb. 19, 2018), attached to Gov't's Motion.

15 GCA § 1907 provides the special administrator with the express right to commence and maintain suits on behalf *of the estate*. Additionally, 15 GCA § 1903 provides that an order appointing a special administrator is non-appealable and that the special administrator must meet the same qualifications as an executor in 15 GCA § 1701. While there are some other jurisdictions that have had cases where special administrators have brought wrongful death claims, such as the case *Stahl v. Metro. Dade Cty.*, 438 So.2d 14 (Fla. Dist. Ct. App. 1983), cited to by the Guam Supreme Court in *Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶ 23, Plaintiff does not have the authority in this instance to bring a wrongful death suit because she is neither an "heir" nor a "personal representative." *C.f., Newby, supra* (action was brought by the parents of the decedent, heirs to the minor's estate); *Kittel, supra* at ¶¶ 9, 13 (claimant "Estate of Karen Ann Kittel" were deemed to be the "heirs of the decedent")

The wrongful death statute limits those who may bring suit to only "heirs or personal representatives." 7 GCA § 12109(a). As the Special Administratrix of Decedent's estate, the Plaintiff does not have the authority to bring suit as a personal representative without her duties as special administrator being made general. There is no indication that Plaintiff has been granted general administrative duties pursuant to 15 GCA § 1911 nor is Plaintiff is acting as a personal representative in this instance. There are also no facts to suggest that the Plaintiff is bringing suit on behalf of the minor heir or as a personal representative of the heir. Indeed, the

Court finds it curious that the minor child of the Decedent, who was originally named in the Complaint, is no longer identified in the First Amended Complaint (other than presumably one of the "heirs of the decedent" mentioned in paragraph 10 of the Complaint), nor has the Plaintiff provided evidence to the court that she has the authority to liquidate or adjudicate any claim which Decedent's minor child might have against the Government. As such, the court finds that Plaintiff lacks standing to bring the instant wrongful death action and dismisses the wrongful death claim for this additional reason.

### 3. The Plaintiff's Claims for Personal Injury have been sufficiently pled and the Government has not sufficiently established facts to support dismissal based upon discretionary functions; therefore, dismissal of these claims is not appropriate at this time.

Under the Government Claims Act, the government waives sovereign immunity from suit "for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government of Guam, even though occurring in an activity to which private persons do not engage... ." 5 GCA § 6105; *Newby v. Gov't of Guam*, 2010 Guam 4, ¶ 32 (Mar. 5, 2010). The Government asserts that Plaintiff's claims that allege intentional torts must be dismissed because they do not fall under the waiver for negligence, although they do not expressly include intentional torts. Mot. at p. 14.

Although the Plaintiff's claims include averments alleging negligent acts of the actors identified, the court finds that they include intentional acts of malfeasance, for example:

**Paragraph 22**: Plaintiff is further informed and believes that agents and/or officers of Defendant GovGuam and/or DOC tampered with the presumed crime scene, and *willfully* destroyed evidence.

**Paragraph 23**: Defendant, its employees and servants on duty during Mr. Meno's detainment had more than sufficient knowledge of his condition and acted in blatant disregard of the health and life of Mr. Meno. Further, Defendant's employees had actual and/or constructive knowledge of the violation of inmates'

9

constitutional rights and violations by correctional officers of the DOC's policies and procedures. Further, the employees of DOC were aware of numerous violations of Policy and Procedures causing past harm to other inmates and had the potential to cause inmates to be in danger and to be physically and emotionally harmed. Further, they acted with *conscious and deliberate* indifference to these facts and because of this Decedent suffered personal injury and eventually dies on September 11, 2017.

**Paragraph 26**: DOC officers and/or personnel were active and/or complicit in the cover-up of the circumstances of the beating which led to injuries which contributed to Justin's death.

*First Amended Compl.* at ¶¶ 22, 23, 26 (emphasis added).

In addition to the implied intentional torts alleged by the Plaintiff's Amended Complaint, the Government argues that all other claims should be barred because they fall within the discretionary function exception to the waiver of sovereign immunity in 5 GCA § 6105(c). Mot. at p.15. 5 GCA § 6105(c) states that claims are restricted when they arise from the government's exercise of their discretion in policy making. Here, the Government states that the Plaintiff does not have a legitimate claim for negligence on behalf of the Government because they are really claims in which the Government was acting within their discretion. Mot. at p.15. However, Plaintiff's claims allege that the Government is liable due to the negligence of its agents and employees, in particular, the DOC. Am. Compl. at p.3. To the extent that the court must make additional findings with respect to the Government's argument that the failure to comply with operating procedures is a discretionary act, the court denies the Government's Motion to Dismiss.

In order to make an adequate claim for negligence the Plaintiff must allege facts sufficient to establish each element, including: 1) a duty, or obligation, recognized by law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks of harm; 2) a breach of that duty, or failure to conform to the

10

required standard; 3) proximate cause (a close and causal connection, also known as "legal cause"); and 4) actual loss or damage resulting to the interests of another. *Merch. v. Nanyo Realty, Inc.*, 1998 Guam 26.

Plaintiff's First Amended Complaint includes allegations that the Government failed to execute a thorough investigation, that the Government's employees acted with a blatant disregard for the health and life of the Decedent, that the Government has actual knowledge of their employee's consistent failure to meet minimum standards and adhere to policies, that the Government failed to properly train and staff officers within the correctional facility, and that the DOC failed to provide adequate medical care. Am. Compl. at p. 3–5. Thus, Plaintiff argues, the Government's gross negligence in not ensuring minimum standards of safety and security at the prisons caused the decedent's injuries and, ultimately, his death. Am. Compl. at p. 5–6.

Despite some of Plaintiff's averments indicating intentional rather than negligent acts being committed by the DOC, Plaintiff has sufficiently alleged a claim for negligence sufficient to withstand a motion to dismiss based on both Rule 12(b)(1) and Rule 12(b)(6). Plaintiff has alleged facts regarding the Government's duty, the failure to adhere to that duty, injury, and that the injury was due to the Government's failure to meet that duty. The court will not dismiss Plaintiff's claims for negligence and personal injury.

### C. Rule 12(b)(6) Bars Claims for Punitive and Exemplary Damages Under Wrongful Death But Not Survival Action for Government's Alleged Negligence

Dismissal of a complaint under Rule 12(b)(6) is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Ukau v. Wang*, 2016 Guam 26, ¶¶ 51-52 (quoting *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9). Additionally, in determining whether the 12(b)(6) motion should be granted, the pleadings must

be viewed in the light most favorable to the non-moving party. To survive, they must contain allegations respecting all the material elements necessary to the claims.

The Government asks this court to dismiss Plaintiff's claims for punitive and exemplary damages stemming from Decedent's personal injuries (a survival action) and for grief, mental anguish, emotional distress suffered by his heirs from his wrongful death. For the reasons set forth herein dismissing the wrongful death action, the Court also dismisses Punitive and Exemplary Damages pursuant to the 7 GCA § 12109. However, because the court will deny the motion to dismiss Plaintiff's claims sounding in negligence, it will not, at this time dismiss Plaintiff's claims for exemplary and punitive damages relating thereto.

**D. Plaintiff's first cause of action should be stricken because it is duplicative under GRCP Rule 12(f).**

The court disagrees that the Plaintiff's cause of action for negligence as set forth in its First Amended Complaint under "Government Claims Act – Negligence of DOC" is duplicative of the wrongful death claim. The court has pronounced the differences between both claims in its discussion granting the motion to dismiss the wrongful death claims as unripe in this court.

## IV.   CONCLUSION

The Court DENIES IN PART and GRANTS IN PART the Government's Motion. The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Complaint under GRCP 12(b)(1) and 12(b)(6) as to Plaintiff's claim for wrongful death. The Court DENIES Defendant's Motion as to Plaintiff's claim for personal injury, finding that the Plaintiff sufficiently alleged facts regarding the Government's alleged negligence and finding that the discretionary exception under the Government Claims Act is inapplicable based upon the record before the court. The Court DENIES the Government's Motion to Strike under GRCP 12(f)

12

because the court has dismissed the claim for wrongful death under GRCP 12(b)(1); therefore, the Motion to Strike is moot.

**SO ORDERED** this _____APR 1 2 2021_____.

_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam